1   GOLD BENNETT CERA & SIDENER LLP
    STEVEN O. SIDENER (SBN 121062)
2   JOSEPH M. BARTON (SBN 188441)
    GWENDOLYN R. GIBLIN (SBN 181973)
3   595 Market Street, Suite 2300
    San Francisco, California 94105-2835
4   Telephone: (415) 777-2230
    Facsimile: (415) 777-5189
5
    Attorneys for Lead Plaintiff And
6   All Others Similarly Situated

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  In re HPL TECHNOLOGIES, INC.          Master File No.:C-02-3510 VRW
    SECURITIES LITIGATION
12                                        Class Action

13                                        [PROPOSED] JUDGMENT
                                          AND ORDER OF DISMISSAL
14                                        AS TO DEFENDANTS
                                          HPL TECHNOLOGIES INC.,
15                                        ELIAS ANTOUN, ITA GEVA,
                                          LAWRENCE KRAUS, OSAMU
16                                        KANO, YERVANT ZORIAN,
                                          AND Y. DAVID LEPEJIAN
17
18  THIS DOCUMENT RELATES TO:

19     ALL ACTIONS.

20

21      This matter duly came before the Court for hearing on February 24, 2005 at 2:00 p.m.

22  pursuant to the Order of this Court dated November 5, 2004 ("Preliminary Approval Order").

23  Due and adequate notice having been given to the Settlement Class as required in the Preliminary

24  Approval Order, and the Court having considered all papers filed and proceedings had herein and

25  otherwise being fully informed in the premises and good cause appearing therefore,

26      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

27      1.      This Judgment incorporates by reference the definitions in the Stipulation of

28  Settlement with HPL Technologies, Inc., Elias Antoun, Ita Geva, Lawrence Kraus, Osamu Kano,

1  Yervant Zorian and Y. David Lepejian dated as of October 1, 2004 ("the Stipulation").  All terms

2  used herein shall have the same meanings as set forth in the Stipulation unless otherwise indicated.

3        2.        This Court has jurisdiction over the subject matter of the Litigation and over all

4  parties to the Litigation, including all Settlement Class Members.

5        3.        Pursuant Rule 23 of the Federal Rules of Civil Procedure, this Court has certified a

6  Settlement Class of all Persons who purchased or otherwise acquired HPL securities during the

7  period between July 31, 2001 through July 18, 2002, inclusive.  Excluded from the Settlement

8  Class are the defendants, members of the immediate families of the defendants (including spouses

9  and former spouses of any of the defendants), any entity in which any defendant has a controlling

10  interest, present or former directors and officers of HPL, and the legal representatives, heirs,

11  successors, pledgees or assigns of any such defendant.  Also excluded are those Persons who

12  timely and validly requested exclusion from the Settlement Class pursuant to the Notice of

13  Pendency and Settlement of Class Action and Settlement Hearing sent to the Settlement Class

14  (identified in Exhibit B-1 hereto).

15        4.        With respect to the Settlement Class, this Court finds and concludes that: (a) the

16  Settlement Class Members are so numerous that joinder of all Settlement Class Members in the

17  Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class

18  which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of

19  the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately

20  represented and protected the interests of the Settlement Class Members; and (e) a class action is

21  superior to other available methods for the fair and efficient adjudication of the controversy,

22  considering: (i) the interests of the Settlement Class Members in individually controlling the

23  prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the

24  controversy already commenced by Settlement Class Members, (iii) the desirability or

25  undesirability of continuing the litigation of these claims in this particular forum, and (iv) the

26  difficulties likely to be encountered in the management of the Litigation.

27  //

28  //

1    5.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the
2  Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair,
3  reasonable and adequate to the Settling Parties and to persons who may be alleged or determined
4  to be joint tortfeasors or co-obligors with the Settling Defendants with respect to the Released
5  Claims.  The Stipulation and Settlement are hereby finally approved in all respects, and the
6  Settling Parties are hereby directed to perform its terms.

7    6.    Except as to any individual claim of those Persons (identified in Exhibit B-1
8  hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation
9  and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice
10  as against each and all of the Released Persons.  The Settling Parties are to bear their own costs,
11  except as otherwise provided in the Stipulation.

12    7.    Upon the Effective Date, the Lead Plaintiffs shall have, and each of the Settlement
13  Class Members shall be deemed to have, and by operation of the Judgment shall have, fully,
14  finally, and forever released, relinquished and discharged all Released Claims against the Released
15  Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim
16  and Release.

17    8.    Upon the Effective Date, all Settlement Class Members shall be forever barred and
18  enjoined from prosecuting any action arising out of or relating in any way to the Released Claims
19  against any of the Released Persons.

20    9.    Upon the Effective Date, each of the Settling Defendants shall be deemed to have,
21  and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and
22  discharged each and all of the Settlement Class Members and Representative Plaintiffs' Counsel
23  from all claims (including Unknown Claims), arising out of, relating to, or in connection with the
24  institution, prosecution, assertion, settlement or resolution of the Litigation or the Released
25  Claims.

26    10.    Only those Settlement Class Members filing valid and timely Proof of Claim and
27  Release forms shall be entitled to participate in the Settlement and receive a distribution from the
28  Settlement Fund.  The Proof of Claim and Release to be executed by the Settlement Class

1 │ Members shall release all Released Claims against the Released Persons. All Settlement Class

2 │ Members shall be bound by the releases set forth herein whether or not they submit a valid and

3 │ timely Proof of Claim and Release.

4 │       11.     The distribution of the Notice of Pendency and Settlement of Class Action and

5 │ Settlement Hearing and Proof of Claim and Release and publication of the Summary Notice as

6 │ provided for in the Preliminary Approval Order were the best notice practicable under the

7 │ circumstances, including the individual notice to all Settlement Class Members who could be

8 │ identified through reasonable effort. Said notice provided the best notice practicable under the

9 │ circumstances of those proceedings and of the matters set forth therein, including the proposed

10 │ settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully

11 │ satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process,

12 │ and any other applicable law.

13 │       12.     The conditions and terms relating to the issuance of HPL common stock shares

14 │ pursuant to Section 3(a)(10) of the Securities Act of 1933 to the Settlement Class Members is

15 │ fair.

16 │       13.     Lead Counsel is authorized to distribute the net settlement proceeds of all

17 │ approved settlements in this litigation to the Authorized Claimants following the conclusion of the

18 │ claims administration, pursuant to the Court-approved Plan of Allocation, without further order of

19 │ the Court.

20 │       14.     Any order entered on the Plan of Allocation submitted by Lead Counsel or any

21 │ order entered regarding the attorneys fees and expense application shall in no way disturb or

22 │ affect this Judgment and shall be considered separate from this Judgment.

23 │       15.     The Court hereby enters an order barring claims for contribution as provided by 15

24 │ U.S.C. §78u-4(f)(7).

25 │       16.     Neither the Stipulation nor the Settlement contained therein, nor any act performed

26 │ or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or

27 │ may be deemed to be or may be used as an admission of, or evidence of, the validity of any

28 │ Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective

1  Related Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence

2  of, any fault or omission of any of the Settling Defendants or their respective Related Persons in

3  any civil, criminal or administrative proceeding in any court, administrative agency or other

4  tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms

5  of the Stipulation, the settlement contained therein, and any other documents executed in

6  connection with the performance of the agreements embodied therein. Settling Defendants and/or

7  their respective Related Persons may file the Stipulation and/or the Judgment from this action in

8  any other action that may be brought against them in order to support a defense or counterclaim

9  based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith

10 settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or

11 similar defense or counterclaim.

12     17.   Without affecting the finality of this Judgment in any way, this Court hereby

13 retains continuing jurisdiction over: (a) implementation of this Settlement and any award or

14 distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

15 Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and

16 expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and

17 administering the Stipulation.

18     18.   The Court finds that during the course of the Litigation, the Settling Parties and

19 their respective counsel at all times complied with the requirements of Federal Rule of Civil

20 Procedure 11.

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

19.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**IT IS SO ORDERED.**

Dated:  3/11/2005,~~2005~~

_____
HON. VAUGHN R. WALKER
UNITED STATES DISTRICT CHIEF JUDGE

# EXHIBIT B-1

# EXHIBIT B-1

## SETTLEMENT CLASS EXCLUSION LIST

Frederic B. Smith, Jr.
401 Lakeshore Dr., Apt. 406
Lake Park, FL 33403
561-845-8385

<u>END OF REQUESTS FOR EXCLUSION</u>